UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS ORTIZ DE JESÚS and NOEMI FIGUEROA SULIVERES, on their own behalf and in representation of her minor daughter NOF; THE ESTATE OF KOF, constituted by her parents Carlos Ortiz De Jesús and Noemi Figueroa Suliveres<br><br>Plaintiffs,<br><br>v.<br><br>ANDRES REYES BURGOS, INC., and its insurance company MAPFRE PRAICO INSURANCE; RAFAEL PÉREZ ESTRELLA; PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY; DEL VALLE GROUP<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:17-cv-02349-JAW |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The remaining defendant in a negligence suit brings a motion for summary judgment arguing that all claims against it are precluded by a settlement agreement entered into by the plaintiffs and another co-defendant.  The Court denies the defendant's motion for summary judgment because there are factual disputes as to the relationship between the settling and non-settling co-defendants and the remaining defendant's liability separate from the liability of its settling co-defendant.

## I.    PROCEDURAL HISTORY

On December 7, 2017, Carlos Ortiz de Jesús and Noemi Figueroa Suliveres (Plaintiffs) acting on their own behalf, as representatives of their surviving minor daughter, N.O.F., and as representatives of the Estate of K.O.F., their late minor

daughter, filed a complaint in this Court against Andrés Reyes Burgos, Inc., its insurance company, Mapfre Praico Insurance Co., and Rafael Pérez Estrella. *Compl.* (ECF No. 1).  On February 9, 2018, the Plaintiffs filed an amended complaint, impleading the Puerto Rico Highway and Transportation Authority (PRHTA) and Del Valle Group (Del Valle) as Defendants. *Am. Compl.* (ECF No. 17).  On May 21, 2018, the Plaintiffs filed a Second Amended Complaint to make a technical change in the parties; the Second Amended Complaint is the operative complaint.  *Second Am. Compl.* (ECF No. 46).

On March 10, 2020, the Plaintiffs, Andrés Reyes Burgos, Inc., Mapfre Praico Insurance, and Rafael Pérez Estrella filed a joint motion for voluntary dismissal, notifying the Court that they had reached a confidential settlement agreement.  *Joint Mot. for Partial Voluntary Dismissal* (ECF No. 73).  On April 23, 2020, the Plaintiffs moved for voluntary dismissal of the claims against Andrés Reyes Burgos, Inc., Mapfre Praico Insurance, and Rafael Pérez Estrella, which the Court granted that same day.  *Mot. Requesting the Ct. to Grant Joint Mot. for Partial Voluntary Dismissal (Docket #73)* (ECF No. 80); *Order on Mot. for Partial Voluntary Dismissal* (ECF No. 81).  PRHTA and Del Valle were not part of the settlement agreement.

Approximately one year later, on February 19, 2021, the Plaintiffs filed a joint motion for partial voluntary dismissal as to Del Valle, stating that they had reached a confidential settlement agreement.  *Joint Mot. for Partial Voluntary Dismissal* (ECF No. 142).  The Court granted the motion the same day and on March 23, 2021, dismissed with prejudice the Complaint against Del Valle. *Order on Joint Mot. for*

*Partial Voluntary Dismissal* (ECF No. 143); *Order Granting Mot. to Dismiss* (ECF No. 145).

On May 14, 2021, PRHTA filed a motion to dismiss, arguing that the settlement agreement between the Plaintiffs and Del Valle precluded Plaintiffs' recovery against PRHTA. *Defs. PRHTA's Mot. for Dismissal* (ECF No. 149) (*Def.'s Mot. to Dismiss*). On June 3, 2021, the Plaintiffs filed their opposition to PRHTA's motion to dismiss. *Opp'n to "Defs. PRHTA's Mot. for Dismissal" (Docket #149)* (ECF No. 150) (*Pls.' Opp'n to Mot. to Dismiss*). On June 10, 2021, PRHTA filed its reply to Plaintiffs' opposition to its motion to dismiss. *Reply to "Pls.' Opp'n to Defs. PRHTA's Mot. for Dismissal" (Docket #150)* (ECF No. 151) (*Def.'s Reply to Opp'n to Mot. to Dismiss*).

On November 5, 2021, the Court issued an order seeking clarification from the parties as to whether the Court could consider documents submitted by the parties in their briefing on the motion to dismiss that were outside the Second Amended Complaint. *Order* (ECF No. 152). The Plaintiffs' position was that the Court should not consider any of the extrinsic documents, *Mot. in Compliance with Order (Docket # 152)* (ECF No. 153), which the Court interpreted as a denial of (or at least a refusal to admit) the authenticity of the extrinsic documents. *Order* at 2 (ECF No. 155). After the Court sought further clarification from the parties as to what the Court should do with the pending motion to dismiss, *see id.*, PRHTA requested that the Court convert the pending motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). *Mot. in Compliance with Ct. Order*

*(Docket No. 155)* (ECF No. 156).   On November 16, 2021, the Court granted PRHTA's request, converting the pending motion to dismiss into a motion for summary judgment.   *Order* (ECF No. 157).

On December 15, 2021, PRHTA filed a motion for summary judgment and statement of material facts.   *Mot. in Compliance with Ct. Order (Docket No. 155)* (ECF No. 160), Attach. 1, *Mot. Requesting Summ. J.* (*Def.'s Mot. for Summ. J.*); *id.*, Attach. 2, *Statement of Uncontested Material Facts* (DSMF).   On January 14, 2022, the Plaintiffs filed their memorandum in opposition to PRHTA's statement of material facts, *Opp'n to Statement of Material Facts and Additional Facts Not In Controversy (Docket #149)* (ECF No. 161) at 1-2 (PRDSMF), their statement of additional material facts, *id.* at 2-5 (PSAMF), and their opposition to PRHTA's motion for summary judgment.   *Opp'n to "Defs. PRHTA's Mot. for Dismissal" (Docket #149)* (ECF No. 163) (*Pl.'s Opp'n to Summ. J.*).   On January 31, 2022, PRHTA filed its reply to the Plaintiffs' opposition, *Reply to Pl.'s "Opp'n to Defs. PRHTA's Mot. for Dismissal (Docket #163)* (ECF No. 164) (*Def.'s Reply to Opp'n for Summ. J.*), and opposition to the Plaintiffs' statement of additional material facts.   *Opp'n to Statement of Additional Facts Not In Controversy Submitted By Plaintiffs (Docket No. 161)* (ECF No. 165) (DRPSAMF).   On February 9, 2022, with leave of the Court, the Plaintiffs filed a sur-rely in response to PRHTA's opposition to the Plaintiffs' statement of material facts and opposition to summary judgment.   *Sur Reply to PRHTA's "Reply to Pls.' Opp'n to Defs. PRHTA's Mot. for Dismissal (Docket #164)* (ECF No. 168) (*Pls.' Sur-Reply*).

## II.     FACTS[1]

The Puerto Rico Highway and Transportation Authority (PRHTA) is a public corporation and government instrumentality of the Commonwealth of Puerto Rico. DSMF ¶ 1; PRDSMF ¶ 1.   PRHTA was created with the purpose of providing the public with the best roads and means of transportation, to expedite the movement of vehicles and individuals, and to relieve hazards and inconveniences caused by congestion on Commonwealth roads.   DSMF ¶ 2; PRDSMF ¶ 2.   As part of a construction project, PRHTA hired Del Valle to oversee construction, maintenance of the traffic changes related to the project, and implementation of all traffic control measures. DSMF ¶ 6; PRDSMF ¶ 6. On or around March 2021 the Plaintiffs reached

---

[1]      To begin, the Court rejects paragraphs 3-6 of PRHTA's statement of material facts and paragraphs 1-5 of the Plaintiffs' statement of additional material facts as improper under the District of Puerto Rico Local Rules.  Local Rule 56(e) states that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion."  D.P.R. LOC. RULE 56(e).  "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."  *Id.*

To support paragraphs 3-5, PRHTA cites its answer to the Plaintiffs' Amended Complaint.  *See* DSMF ¶¶ 1-3 ("See Docket No. 39").  However, citations to an answer are "insufficient for purposes of summary judgment."  *Maldonado v. Plaza-Batistini*, No. 11-2047 (GAG), 2012 U.S. Dist. LEXIS 67062, at *3 (D.P.R. May 14, 2012).  An answer to a complaint "do[es] not provide the basis for Defendants' knowledge on these issues, aside from mere conjecture and unsupported speculation."  *Id.* (quoting *Hodge v. Roblex Aviation, Inc.*, No. 09-1445 (SEC), 2010 U.S. Dist. LEXIS 73012, at *7-8 (D.P.R. July 29, 2010)).  Moreover, PRHTA does not include any record citation to support paragraph 6, only a general reference to its entire Answer; that fact is therefore excluded under Local Rule 56(e).

Similarly, the Plaintiffs attempt to support paragraphs 1-5 of their statement of additional material facts by citing the Amended Complaint.  *See* PSAMF ¶¶ 1-5.  However, this Court has stated that "a complaint is not proper evidence to oppose a motion for summary judgment.  The reason being that, '[o]rdinarily, statements in a complaint are not part of the summary judgment record[,]' unless the complaint has been verified, for then it can be used to 'consider factual averments based on personal knowledge . . . as the equivalent of an affidavit for purposes of summary judgment.'"  *Santiago-Rivera v. Hosp. Gen. Menonita De Aibonito*, No. 18-1084 (SCC), 2021 U.S. Dist. LEXIS 81711, at *5-6 (D.P.R. Apr. 27, 2021) (quoting *Doherty v. Donahoe*, 985 F. Supp. 2d 190, 195 (D. Mass. 2013) (citing *Sheinkopf v. Stone*, 927 F.2d 1259, 1262-63 (1st Cir. 1991))).  Here, the Second Amended Complaint is not verified and "as such, it cannot be considered as the equivalent of a sworn statement."  *Id.* at *6.

The Court therefore excludes PRHTA's paragraphs 3-5 and the Plaintiffs' paragraphs 1-5 as incompliant with Local Rule 56.

an agreement with Del Valle and requested that the Court dismiss their claim, with prejudice, in favor of Del Valle. DSMF ¶ 7; PRDSMF ¶ 7. The agreement was reached via a private and confidential agreement between the parties. DSMF ¶ 8; PRDSMF ¶ 8. On March 23, 2021, the Court granted the motion, dismissing the Complaint with prejudice as to Del Valle Group. DSMF ¶ 9; PRDSMF ¶ 9. That same day, PRHTA informed the Court and the other parties of its intent to request a copy of the Del Valle settlement agreement. DSMF ¶ 10; PRDSMF ¶ 10. The Court ordered the parties to provide a copy of the confidential settlement agreement and they complied. DSMF ¶¶ 11-12; PRDSMF ¶¶ 11-12.[2]

The Plaintiffs retained Dr. Farhad Booeshaghi as an expert in traffic safety and he executed an unsworn declaration under penalty of perjury authenticating his Rule 26 liability report. PSAMF ¶ 6; DRPSAMF ¶ 6.[3] In his report, Dr. Booeshaghi

---

[2]    The Court excludes PRHTA's paragraphs 13 and 14. Paragraph 13 reads: "Plaintiffs' cause of action against the PRHTA is intrinsically linked with Del Valle Group's actions in this case, since what it all boils down to is the alleged failure of the PRHTA to supervise Del Valle Group's implementation of the MOT." DSMF ¶ 13. Paragraph 14 states: "Based on the Supreme Court of Puerto Rico's opinion in the case of *Fonseca v. Hospital Interamericano de Medicina*, that confirms that plaintiffs' settlement with Del Valle Group precludes any recovery against the PRHTA." DSMF ¶ 14. Neither of these paragraphs presents a statement of fact, but assert, instead, PRHTA's arguments and legal conclusions as to the impact of the Del Valle settlement agreement on the Plaintiffs' claims against PRHTA.
    What is more, neither of these paragraphs complies with Local Rule 56(e), which requires that each paragraph of the statement of facts be supported by a record citation. D.P.R. LOC. RULE 56(e). Paragraph 13 cites the Amended Complaint and, as the Court has described above, citation to a complaint is not valid under District of Puerto Rico law, unless the complaint is verified, which in this case, it is not. Paragraph 14 cites a decision of the Puerto Rico Supreme Court, which may be a valid statement of fact but is not authority for a statement of material fact.
[3]    PRHTA denies this statement of fact arguing that "under Fed. Rule 56 to be admissible at the summary judgment stage, said documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(d), that is that the affidavit must be sworn." DRPSAMF ¶ 6. The Court discusses PRHTA's argument more extensively in its analysis, but notes, for the purposes of resolving the parties' statements of material fact, that a plain reading of Rule 56 does not require a sworn affidavit and courts routinely admit unsworn declarations under penalty of perjury at the summary judgment stage. *See, e.g., Pérez-Maspons v. Stewart Title P.R., Inc.*, 208 F. Supp. 3d 401,

concluded that "[t]he inspector of the project (PRHTA) failed to recognize the deficiencies of the roadway construction MOT [maintenance of traffic]".  PSAMF ¶ 7; DRPSAMF ¶ 7.  Some of the deficiencies listed on Booeshaghi's report were that:

> The Outside Shoulder Lane was not properly identified as a designated lane of travel as it did not have the proper pavement markings, including a fog line or lines that funneled traffic into that lane.
>
> The new pavement in the Shoulder Lane began near Km. 27.2.  The new pavement in the Shoulder Lane should have started near Km. 27.3 where the drums first began to merge Lane 2 traffic with Lane 1 traffic.
>
> The original Lane 1 centerline and fog line should have been removed and replaced by pavement markings that shifted traffic from Lane 2 into Lane 1 and shifted traffic from Lane 1 into the Shoulder Lane beginning near Km. 27.3 prior to allowing the northbound traffic use of the Shoulder Lane.

PSAMF ¶ 7 (quoting *Unsworn Decl. Under Penalty of Perjury* at 54 (ECF No. 162) (*Expert Report*)); DRPSAMF ¶ 7.[4]   Dr. Booeshaghi opined that "[b]ecause of the

---

408 (D.P.R. 2016) ("Rule 56(c)(2) requires 'nothing more' than 'an unsworn declaration under penalty of perjury' to authenticate certain business records" (quoting *Francis v. Caribbean Transp. Ltd.*, 882 F. Supp. 2d 275, 278-79 (D.P.R. 2012)).  Here, the Plaintiffs submit an unsworn declaration by Dr. Booeshaghi made under penalty of perjury, which complies with the Federal Rules of Civil Procedure and with 28 U.S.C. § 1746.  *See* Expert Report.  The Court rejects PRHTA's denial and admits the Plaintiffs' paragraph 6 and the expert's report.

[4]      PRHTA denies this statement as inadmissible hearsay "because the Plaintiffs' expert report is unsworn."  DRPSAMF ¶ 7.  As discussed in footnote 3, an unsworn declaration under penalty of perjury meets the requirements of Rule 56, and is consistent with how this Court, and other district courts, have applied the Federal Rules of Civil Procedure and local rules.  The Court rejects PRHTA's denial and admits the Plaintiffs' paragraph 7.

Although PRHTA cites *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990), for the proposition that "[h]earsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment," the authenticated document, unsworn under the penalty of perjury, may be considered on summary judgment.  DRPSAMF ¶ 7.  Rule 802 of the Federal Rules of Evidence states that "[h]earsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."  FED. R. EVID. 802.  The Notes from the Advisory Committee on Proposed Rules states that one such rule which can properly admit what would otherwise be hearsay is "Rule 56: affidavits in summary judgment proceedings."  *Id.*, Notes of Advisory Committee on Proposed Rules.  Furthermore, this Court has established that it "may consider hearsay evidence submitted in an inadmissible form at the summary judgment stage where the content of the evidence proffered could later be provided in an admissible form at trial."  *SEC v. Ramirez*, No. 15-

improper MOT, the Shoulder Lane should not have been opened to northbound through traffic as a lane of travel on the day of the accident and the accident would not have occurred." PSAMF ¶ 8 (quoting *Expert Report* at 55); DRPSAMF ¶ 8.[5]  In his report, Dr. Booeshaghi stated:

> Because of the improper MOT, Noemi Figueroa Suliveres was not aware that the area where she stopped on the Shoulder Lane was a designated lane of travel due to the construction.  (Exhibit 1, item #26, page 56)

> But for the improper MOT on PR 52, Noemi Figueroa Suliveres would not have mistaken the Shoulder Lane as a non-travel lane and she would not have stopped her Mercedes in the Shoulder Lane where it was struck by ARB garbage truck. (Exhibit 1, item #27, page 56)

PSAMF ¶ 9 (quoting *Expert Report* at 56); DRPSAMF ¶ 9.[6]

## A.    The Del Valle Group Settlement Agreement[7]

The settlement agreement, between the Plaintiffs and Del Valle provides, in relevant part, that "[t]he Settling Defendant [Del Valle] is the only party that is entering the Agreement with the Plaintiffs [and that] Puerto Rico Highway Authority is not part of the Agreement." *Defs. PRHTA's Mot. for Dismissal,* Attach. 2, *Am. Confidential Settlement Agreement & Release*, at 2 (*Settlement Agreement*).  The

---

2365 (PAD), 2018 U.S. Dist. LEXIS 74481, at *15 (D.P.R. Apr. 30, 2018); *see also Chase v. Corning, Inc.*, No. 14-cv-392-JD, 2014 U.S. Dist. LEXIS 154986, at *6 (D.N.H. Oct. 30, 2014) ("Because experts could appear at trial and testify to opinions, which then would not be hearsay, an expert report submitted for purposes of summary judgment could meet the requirements of Rule 56(c)").

[5]    PRHTA denies the Plaintiffs' paragraph 8 on the same grounds as it did paragraph 7. DRPSAMF ¶ 8.  The Court rejects the denial for the same reasons articulated in the previous footnote.

[6]    PRHTA denies the Plaintiffs' paragraph 9 on the same grounds as it did paragraphs 7 and 8. DRPSAMF ¶ 9.  The Court rejects the denial for the same reasons articulated in footnote 4.

[7]    PRHTA did not include or reference the Del Valle settlement agreement language in its statement of material facts.  However, given the unusual procedural circumstances of this case as a motion to dismiss that was converted into a motion for summary judgment, the Court considers the agreement as originally included in PRHTA's motion to dismiss filings.  Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure both parties were given an opportunity to present materials relevant to the motion for summary judgment and were on notice that the current dispute centers on the settlement agreement entered into by the Plaintiffs and Del Valle.

purpose of the agreement is "to provide for payment in full settlement and discharge

of all claims that have been or might be made against only [Del Valle] and that arise

out of the allegations contained in or made during the pendency of the Complaint."

*Id.* at 2-3.  The agreement specifically releases Del Valle,

> its insurance carriers, parent corporations, insurers, reinsurers, affiliates, subsidiaries, directors, officers, agents, attorneys, representatives, employees, servants, successors, affiliates, divisions, subdivisions, directors, officers, assigns and/or insurance carriers from any liability for payment, compensation or contribution with regard to any judgment that might be entered against [other co-defendants] and any other person not named in the Complaint that might be liable for the Plaintiffs' damages.

*Id.* at 9.  The Plaintiffs further agree to "waive any right to collect any sum of money

whatsoever from Puerto Rico Highway Authority, as well as from any other party

that could be included in the future . . . in this case and/or any other case based on

the same facts the portion of liability, if any, that could in fact or hypothetically be

attributed to [Del Valle]."  *Id.* at 9-10.

The agreement also waives the Plaintiffs' right to collect money from PRHTA

or any other party that "could be liable for the damages claimed by Plaintiffs, by

virtue of acts or omissions attributable to [Del Valle]."  *Id.* at 10.  If a Court "were to

determine that [Del Valle] . . . [is] jointly and severally liable with the other co-

defendants, Plaintiff waives and desists from recovering the percentage of liability, if

any, [from Del Valle]."  *Id.* at 11.  Finally, the agreement provides that the "Plaintiffs

will limit their recovery against the remaining co-defendants, named or not named

in the captioned case . . . only that portion of the total sum awarded by verdict or

9

judgment that represents the percentage of liability, if any, that the Court imposes or could impose against the remaining co-defendant." *Id.*

## III.   THE PARTIES' POSITIONS

### A.   The Defendant's Motion

PRHTA argues that "[b]ased on the Supreme Court of Puerto Rico's opinion in the case of *Fonseca v. Hospital Interamericano de Medicina*," the fact that "Plaintiffs reached a confidential settlement agreement with co-defendants Del Valle Group and their insurance company Triple S. . . . precludes any recovery against the PRHTA." *Def.'s Mot. for Summ. J.* ¶¶ 2-3.  PRHTA contends that "assuming the accident was caused, even in part by Del Valle Group, the PRHTA cannot be held liable for two (2) reasons:"

> (a) First, there is no judgment that can ever be enforced against the PRHTA, because if the Court finds that Del Valle Group caused the damages, then plaintiffs are barred from collecting those;

> (b) Second, pursuant to the statutory defense established in article 1803 of the Civil Code, no evidence has been set forth that the PRHTA did not act as a prudent 'employer' or that they are directly responsible to plaintiffs for damages suffered.

*Id.* ¶ 4.  As it elaborated on in its original motion to dismiss, PRHTA argues that this case falls squarely within *Fonseca*, because "joint liability arose <u>exclusively</u> from the negligence of the settling [party]." *Def.'s Mot. to Dismiss* ¶ 11 (emphasis in original); *see also Def.'s Mot. for Summ J.* ¶ 5 (referencing arguments made in its motion to dismiss).  It argues that the  "plaintiffs' surviving liability theory against the PRHTA (*respondeat superior*) is premised <u>exclusively</u> on Del Valle's alleged negligence in the implementation of the MOT and there is no possibility whatsoever

that a jury may ever apportion <u>any</u> degree of negligence to PRHTA." *Id.* (emphasis in original).

PRHTA argues that the *Fonseca* Court's conclusion that a hospital was released from liability because "it was jointly and severally liable only for the negligent acts of the co-defendant doctors and did not commit negligence itself," *id.* ¶ 22 (emphasis omitted) (quoting *Fonseca*), applies here because this is "an identical situation: as plaintiffs' sole claim is *respondeat superior*, a jury will <u>never</u> be able to apportion to PRHTA a specific degree of negligence." *Id.* ¶ 23 (emphasis in original). "Since plaintiffs stipulated they would not collect those [damages] from PRHTA, this means that the Plaintiffs subrogated themselves in the position of Del Valle Group and assumed its liability, thereby releasing the PRHTA." *Id.* Ultimately, PRHTA argues that because "the accident was caused by Del Valle Group's failure to properly implement the MOT . . . it is a legal certainty that all damages are attributable to them and no degree of independent or direct negligence will ever be imposed on PRHTA" for its role in allegedly failing to supervise said implementation. *Id* ¶ 19.

## B.    The Plaintiffs' Opposition

The Plaintiffs argue that PRHTA's position that the "remaining cause of action against PRHTA is [based on the doctrine of] respondent superior" is inaccurate. *Pls.' Opp'n to Mot. for Summ. J.* at 1. The Plaintiffs submit that "the vicarious liability doctrine does not apply to this case because (i) there are distinct and direct negligence allegations as well as evidence against PRHTA and/or (ii) because the relationship between PRHTA and Del Valle is not an employer-employee one." *Id.* at 1-2. They say that PRHTA has "offer[ed] no evidence or jurisprudence to back [] up" its

assertion that it acted "akin to an employer of Del Valle so as to apply the theory of vicarious liability." *Id.* at 5. Instead, Plaintiffs say that "Del Valle group is a contractor who was hired by PRHTA to implement the MOT, which makes Del Valle an independent contractor but not an employee." *Id.*

### C.   The Defendant's Reply

In reply, PRHTA argues that "expert reports are inadmissible hearsay" and "because plaintiffs' Expert Report is unsworn, it is an inadmissible hearsay document that cannot be considered as part of the summary judgment record." *Def.'s Reply to Opp'n for Summ. J.* at 2. PRHTA says that the only way that the Court may consider Dr. Booeshaghi's expert opinion is if it is "elicited through the testimony of the expert witness himself, not through his report." *Id.* It submits that "Plaintiffs did not file an authenticating affidavit complying with Rule 56(e) to support their motion. Rather, they simply appended an UNSWORN DECLARATION and purported copy of [their] experts' findings—unsworn and uncertified—to the motion. *Id.* at 3 (emphasis in original). PRHTA further argues that "Plaintiffs' opposition does not comply with Local Rule 56" and that the Court "is within its discretion to deem facts 5, 13, and specially 14 in [PRHTA's] statement of material facts admitted." *Id.* at 4-5.

As to the Del Valle settlement agreement PRHTA argues that "the court's authentication and admissibility of the confidential settlement agreement is made simpler by the fact that plaintiff's counsel admitted that they voluntarily disclosed it after it was requested by the appearing party without objection." *Id.* at 6. PRHTA says that because the plaintiffs "put forth no evidence or argument that the document

is not what the appearing party claims [it] to be . . . the settlement agreement can be accepted by the Court as proper summary judgment material." *Id.*

In its original reply in support of its motion to dismiss, PRHTA notes that the Plaintiffs' allegations that PRHTA is the owner of the highway and the designer of the MOT plan, which was approved by the Federal Highway Administration, are moot, as PRHTA does not dispute any of these claims. *Def.'s Reply to Opp'n to Mot. to Dismiss* ¶ 3. PRHTA similarly asserts that Plaintiffs' argument that the MOT design was improper is also moot because "there are no findings by the plaintiffs' expert as to the design of the MOT, only as to the implementation by the PRHTA's contractor Del Valle Group." *Id.* Finally, PRHTA asserts that the Plaintiffs' argument that PRHTA "alleged[ly] fail[ed] to properly inspect the implementation of the MOT by its contractor Del Valle Group . . . makes the relationship between PRHTA and Del Valle so intricate that one cannot survive without the other." *Id.* ¶ 4.

PRHTA disputes Plaintiffs' insistence that *Fonseca* does not apply because Del Valle was an independent contractor, contending that *Fonseca* addresses liability under different circumstances under the doctrine of *respondeat superior*. *Id.* ¶ 5. PRHTA argues that "[s]ince [its] liability is of a vicarious nature (failure to supervise the implementation of the MOT by Del Valle), no responsibility can be directly attributed to it and any and all negligence found as to Del Valle Group during trial cannot be attributed to PRHTA since plaintiffs specifically renounced said recovery." *Id.* ¶ 6.

13

D.      **The Plaintiffs' Sur-Reply**

In their sur-reply the Plaintiffs reject PRHTA's argument that the Court cannot use Dr. Booeshaghi's expert report in deciding the pending motion for summary judgment because an unsworn declaration under penalty of perjury "provides a similar degree of reliability as a sworn affidavit." *Pls.' Sur-Reply* ¶ 2. The Plaintiffs further dispute any authenticity issues because PRHTA deposed Dr. Booeshaghi on the contents of the reports. *Id.* ¶ 3; *see also id.*, Attach 1., *Dep. of Farhad Booeshaghi*. They further contend that the fact that the expert report is hearsay is immaterial because "[w]hat the plaintiff has to show is that he will be able at trial to provide evidence that will be admissible." *Id.* at 2.

Separately the Plaintiffs dispute PRHTA's assertion that "there are no findings by Plaintiffs' expert as to the design of the MOT, only as to the implementation by PRHTA's contractor Del Valle Group" because Dr. Booeshaghi "specially discussed in his opinion that the MOT—designed by PRHTA was 'improper' and that PRHTA failed as the inspector of the project." *Id.* ¶ 6. They point to their argument in their opposition to PRHTA's motion to dismiss as evidence that Dr. Booeshaghi concluded that PRHTA failed to properly inspect the MOT. *See id.* ¶¶ 7-8. The Plaintiffs conclude by arguing that PRHTA's paragraph fourteen in its statement of material facts "is a legal conclusion and not a factual allegation" and thus they do not have to deny the paragraph for it to be excluded. *Id.* ¶ 9.

## IV.   LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a).  "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (quoting *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)).

When the movant "has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must 'produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'" *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). The nonmoving party must provide "'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002) (quoting *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1116 (1st Cir. 1993)).  Then, a court "views the facts and draws all reasonable inferences in favor of the nonmoving party," *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011), but disregards "[c]onclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 38 (1st Cir. 2018) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V.   DISCUSSION

It is well settled that when a case arises under diversity jurisdiction the Court applies the law of the forum jurisdiction. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. VDE Corp.*, 603 F.3d 119, 122 (1st Cir. 2010). Because the Court has subject matter jurisdiction over this case based on diversity, the Court applies Puerto Rico law. *See Second Am. Compl.* ¶ 1.

PRHTA's motion for summary judgment turns on (1) whether the parties intended to release PRHTA from both individual and vicarious-liability-based negligence claims in entering the Del Valle settlement agreement; (2) the nature of the relationship between Del Valle and PRHTA and whether vicarious liability applies; and (3) whether PRHTA is liable for negligent conduct falling outside the scope of the Del Valle Group settlement agreement.

### A.   The Expert Report Issue

Preliminarily, the Court firmly rejects PRHTA's insistence that the Court may not consider Dr. Booeshaghi's expert report because "expert reports are inadmissible hearsay" and because the expert report was presented by an unsworn declaration. *Def.'s Reply to Opp'n for Summ. J.* at 2-3. PRHTA's argument fails to take into account that Federal Rule of Civil Procedure 56(c) was amended in 2010 to allow a court to consider expert reports like Dr. Booeshaghi's on summary judgment if supported by an unsworn declaration. *See* FED. R. CIV. P. 56, advisory committee's note to 2010 amendment ("A formal affidavit is no longer required. 28 U.S.C. § 1746

allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit").

Regarding the unsworn declaration issue, here, the Plaintiffs presented Dr. Booeshaghi's unsworn declaration attesting to his attached expert report. *Unsworn Decl. under Penalty of Perjury* (ECF No. 162). This type of filing has been allowed under Rule 56(c) since 2010. The authoritative treatise by Charles Alan Wright, Arthur R. Miller and Mary Kay Kane addressed this very issue:

> It is also worth noting that although affidavits remain an available type of summary judgment evidence, a formal affidavit no longer is required. Section 1746 of Title 28 specifically authorizes a written "unsworn declaration, certificate, verification, or statement" signed by the person under penalty of perjury to substitute for an affidavit.

10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (4th ed. 2021). The District of Puerto Rico has long recognized this change in the Rule. *See, e.g.*, *Pérez-Maspons*, 208 F. Supp. 3d at 408-09; *Int'l Shipping Agency, Inc. v. Unión De Trabajadores De Muelles Local 1740*, No. 12-1996(SCC), 2015 U.S. Dist. LEXIS 111299, at *8 (D.P.R. Aug. 21, 2015); *Santos v. Nogueras*, No. 11-1105(FAB), 2012 U.S. Dist. LEXIS 96688, at *11 (D.P.R. July 11, 2012). The Court deems Dr. Booeshaghi's unsworn declaration under penalty of perjury as in compliance with Rule 56(c) and 28 U.S.C. § 1746.

Similarly, PRHTA is simply wrong in its assertion that "expert reports are inadmissible hearsay." *Def.'s Reply to Opp'n for Summ. J.* at 2. PRHTA is correct that before 2010, the Court of Appeals for the First Circuit required that evidence

used for adjudicating a motion for summary judgment had to be admissible at trial. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000). However, in 2010, Rule 56(c)(2) was amended to read that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible at trial." FED. R. CIV. P. 56(c)(2). In *Francis v. Caribbean Transportation, Ltd.*, 882 F. Supp. 2d at 279, the district court explained that the 2010 changes effected a more "relaxed" standard. As further detailed in *International Shipping*, 2015 U.S. Dist. LEXIS 111299, at *7-9, the "standard is not whether the evidence at the summary judgment state would be admissible at trial – it is whether it *could* be presented at trial in an admissible form." *Id.* at *9 (emphasis in *Int'l Shipping*) (quoting *Gannon Int'l v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012)).

Moreover, before PRHTA filed its motion for summary judgment, the Court ruled that Dr. Booeshaghi's expert opinions as set forth in his report would be admissible at trial. *Order on Mot. in Lim. to Exclude Expert Test.* (ECF No. 114). The Court overrules as not well taken PRHTA's objections to statements of fact based on Dr. Booeshaghi's July 26, 2019, expert report.

## B.    The Intent of the Parties to the Del Valle Settlement Agreement

The Court must first determine the effect of a settlement agreement where one co-defendant settles with the plaintiffs, but another co-defendant remains in the litigation and may be liable both individually and vicariously for the settling co-defendant's negligence.

The Puerto Rico Supreme Court has stated that the elements of a settlement agreement are: "1) an uncertain litigious legal relationship; 2) the intent of the parties

18

to settle the case and change the uncertain relationship into a certain and incontrovertible one; and 3) the mutual concessions of the parties." *Def.'s Mot. to Dismiss*, Attach. 1 *Certified Translation of Fonseca v. Inter-American Hospital for Advanced Medicine (HIMA)*, 2012 TSPR 3, 184 D.P.R. 281 (P.R. 2012), at 10 (*Fonseca*).[8]

When interpreting settlement agreements, courts apply the "general rules for interpretation of contracts." *Id.* at 11. "The Puerto Rico Civil Code provides that the terms of a settlement agreement will be interpreted restrictively." *Ocasio-Vazquez v. Rubero-Aponte*, No. 12-1137(JAG), 2013 U.S. Dist. LEXIS 122808, at *4 (D.P.R. Aug. 27, 2013) (citing *U.S. Fire Ins. v. A.E.E.*, 2008 TSPR 160, 174 D.P.R. 846, 854, 2008 Juris P.R. 180 (P.R. 2008)). If the settlement agreement is not clear from its terms, the court will look to the "true intention of the parties." *Fonseca* at 11; *see Rio Mar Assocs., LP v. UHS of P.R., Inc.*, 522 F.3d 159, 166 (1st Cir. 2008) (stating that the "default rule under Puerto Rico law . . . recognizes [that] the settling parties' intent [is] controlling").

"In the context of tortious liability and joint and several liability," the Supreme Court of Puerto Rico has stated that "a victim releasing one of the co-defendants from liability through a settlement agreement does not necessarily mean that the victim releases the other co-defendants if such intention is not clearly stated in the agreement." *Fonseca* at 11. The effect of a settlement agreement "depend[s] on the stipulations agreed to by the parties, with respect to the internal relationship

---

[8]     The Court uses the pagination of the certified translation submitted by PRHTA when citing *Fonseca*.

between joint and several co-defendants and the external relationship between co-defendants and plaintiffs." *Id.* If the settlement agreement "clearly shows that the plaintiff releases a co-defendant from any liability that might arise from the event that caused the damage, it will be understood that said co-defendant has been released with respect to the plaintiff (external relationship) and with respect to the other co-defendants (internal relationship)." [9] *Id.* at 11-12; *see also Ortiz v. Cybex Int'l, Inc.*, 345 F. Supp. 3d 107, 123 (D.P.R. 2018) ("Where a plaintiff expressly releases one tortfeasor from all liability in the case – internal and external – which may arise with respect to the tortious act subject of the claim, it is considered both a release of liability from the plaintiff to the settling joint tortfe[a]sor and a release of liability as between joint tortfeasors, with the plaintiff absorbing the portion of liability attributed to the settling tortfeasor"); *Ocasio-Vazquez*, 2013 U.S. Dist. LEXIS 122808, at *5 ("[A]scertaining what the parties agreed to is of vital importance to establish the effect of the settlement agreement with regard to the remaining defendants").

---

[9]    The First Circuit has analyzed similar types of "*Pierringer* releases," so named after the Wisconsin Supreme Court's decision in *Pierringer v. Hoger*, 124 N.W.2d 106 (Wis. 1963). *See Austin v. Raymark Indus., Inc.*, 841 F.2d 1184, 1188-90 (1st Cir. 1988); *Ortiz v. Cybex Int'l, Inc.*, 345 F. Supp. 3d 107, 124 (D.P.R. 2018). In *Pierringer*, the Wisconsin Supreme Court stated that the release of the settling tortfeasor was binding as against the non-settling tortfeasor with respect to "liability . . . found to be attributable to the settling tort-feasors." *Pierringer*, 124 N.W.2d at 111; *Austin*, 841 F.2d at 1189 ("Central to the court's reasoning [in *Pierringer*] was the fact that the releases satisfied a part of the cause of action against the nonsettling defendant in an amount equivalent to the settling defendant's proportionate liability"). "[S]ince the plaintiff is limited in recovery to the unsatisfied percentage of the damages – the percentage attributable to the nonsettling tort-feasor – there is to be no payment sought beyond the non-settling tort-feasor's share." *Austin*, 841 F.2d at 1189. In other words, the First Circuit has held that "*Pierringer* means that the amount collected from a nonsettling defendant will represent the full award offset by the amount equivalent to the percentage of liability allocated to the settling defendants." *Id.*

The effect of the agreement depends, however, on the type of liability incurred by the non-settling parties.  *See Ocasio-Vazquez*, 2013 U.S. Dist. LEXIS 122808, at *5 (stating that determining the effect of a settlement agreement involving an employment relationship requires "delv[ing] into the vicarious liability doctrine as found in Puerto Rico law").  The District Court for the District of Puerto Rico, interpreting *Fonseca*, stated that "*Fonseca* is based upon the fact that the tortfeasors in that case were both vicariously and jointly liable and not just vicariously liable." *Vernet v. Serrano-Torres*, No. 00-2559(DRD), 2012 U.S. Dist. LEXIS 206686, at *2 (D.P.R. Aug. 31, 2012); *see also Ocasio-Vazquez*, 2013 U.S. Dist. LEXIS 122808, at *6. In other words, *Fonseca* applies under a "theory of apparent authority which contains both vicarious and joint liability" but is inapplicable when the "matter involves only vicarious liability under a theory of *respondeat superior*."  *Vernet,* 2012 U.S. Dist. LEXIS 206686, at *2 (concurring with plaintiffs' argument).

## 1. Whether the Settlement Agreement Language Precludes Plaintiffs' Recovery from PRHTA.

The language of the Del Valle Group settlement agreement and intent of the settling parties guides the Court's analysis.  The settlement agreement provides that Del Valle is the "only party that is entering the Agreement with the Plaintiffs [and that] Puerto Rico Highway Authority is not part of the Agreement."  *Settlement Agreement* at 2.  This language is, itself, evidence that the Plaintiffs and Del Valle did not intend for the Del Valle settlement agreement to extinguish their claims against PRHTA under Article 1802 of the Puerto Rico Civil Code.  *See Vernet v. Serrano-Torres*, 566 F.3d 254, 260 (1st Cir. 2009) (concluding that settlement

21

language stating "[n]otwithstanding, plaintiffs expressly reserve the right to continue prosecuting their causes of actions against codefendants, their insurance companies and any other person or entity who might be liable to them" was evidence that the parties did not intend the agreement to extinguish claims against a non-party co-defendant); *see also Ortiz*, 345 F. Supp. 3d at 120 (holding that settlement language stating that the release "in no way shall be interpreted as a release of . . . Cybex International" was evidence that the parties did not intend to release the co-defendant from liability).

The agreement further provides that the "Plaintiffs will limit their recovery against the remaining co-defendants, named or not named in the captioned case . . . only that portion of the total sum awarded by verdict or judgment that represents the percentage of liability, if any, that the Court imposes or could impose against the remaining co-defendant." *Settlement Agreement* at 11. By limiting the Plaintiffs' recovery from PRHTA to liability that it could not impose against Del Valle, the agreement demonstrates that the parties did not intend for it to run against PRHTA, except as to any liability attributable to Del Valle. *See Villamil-Sordo v. Varadero @ Palmas, Inc.*, No. 18-1425 (SCC), 2021 U.S. Dist. LEXIS 63308, at *12 (D.P.R. Mar. 29, 2021) ("[P]ursuant to the Confidential Settlement the . . . Parties will only be liable for their percentage of liability, and nothing more"); *Ortiz*, 245 F. Supp. 3d at 124 ("plaintiffs (i) released the settling defendants from all potential liability toward the plaintiffs (external relationship) and toward any third-party plaintiffs (internal relationship) with respect to all claims and damages arising out of the accident . . .;

22

and (ii) assumed and absorbed any liability that may be found against the settling defendants by way of judgment of otherwise").

Based on the language of the settlement agreement in this case, the Court concludes that PRHTA is not entitled to summary judgment against the Plaintiffs because the Plaintiffs and Del Valle did not intend their settlement agreement to foreclose the Plaintiffs' claims against PRHTA.

## C.   The Relationship Between PRHTA and Del Valle

Turning to the merits, whether the Del Valle settlement agreement precludes the Plaintiffs from recovering from PRHTA turns, in part, on the nature of the relationship between Del Valle and PRHTA and the extent to which PRHTA's liability is based on Del Valle's conduct.

"As a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omissions of others."  *Fleming v. Robinson Aviation (RVA), Inc.*, Nos. 18-1511(DRD) & 18-1579(DRD), 2021 U.S. Dist. LEXIS 107911, at \*24 (D.P.R. June 8, 2021) (quoting *Jorge v. Galarza-Soto*, 124 F. Supp. 3d 57, 71 (D.P.R. 2015)).  Article 1803 of the Puerto Rico Civil Code imposes liability "not only for personal acts and omissions, but also for those of the persons for whom they should be responsible."  P.R. Laws Ann. Tit. 31 § 5142. [10]  Article 1803 identifies an "exhaustive list" of circumstances where a party may be vicariously liable for the torts of others, *Fleming*, 2021 U.S. Dist. LEXIS 107911, at \*24,

---

[10]   For the purposes of this Order, the Court cites the translated versions of the Puerto Rico Civil Code as found in the *Laws of Puerto Rico Annotated* available on Westlaw and LEXIS.  Article 1802 is cited as P.R. Laws Ann. Tit. 31 § 5141, and Article 1803 as P.R. Laws Ann. Tit. 31 § 5142.

including "[o]wners or directors of an establishment or enterprise," who are "liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."  § 5142.

Whether an employer is vicariously liable turns on whether the employee acted within the scope of employment.  *Borrego v. United States*, 790 F.2d 5, 7 (1st Cir. 1986).  To this end, a plaintiff must show: (1) an employee's "desire to serve, benefit or further his employer's business or interest"; (2) "whether the act is reasonably related to the scope of the employment"; and (3) "whether the agent has not been prompted by purely personal motives."  *Vernet*, 566 F.3d at 261 (quoting *Borrego*, 790 F.2d at 7 (alterations in *Vernet*).  However, "liability . . . cease[s] when the liable person[] [the employer] . . . prove[s] that they employed all the diligence . . . to preclude the damage."  § 5142.

In contrast, the independent contractor doctrine may limit vicarious liability if a party is an "independent contractor" rather than "employee."  *See Fleming*, 2021 U.S. Dist. LEXIS 107911, at *25; *see also Huongsten Prod. Imp. & Exp. Co. v. Sanco Metals LLC*, No. 10-1610(SEC), 2011 U.S. Dist. LEXIS 91642, at *26-27 (D.P.R. Aug. 16, 2011) (stating that a "principal is *not* vicariously liable for the negligent act of its independent contractor; rather, the principal's source of liability stems from Article 1802 [of the Puerto Rico Civil Code], i.e., direct liability" (emphasis in original)).  However, "being classified as an independent contractor, by itself, does not reli[e]ve the principal for the damages that an independent contractor may cause."  *Fleming*, 2021 U.S. Dist. LEXIS 107911, at *25 (citing *López v. Cruz Ruiz*, 131 D.P.R. 694, 704,

1992 Juris P.R. No. 130 (P.R. 1992) ("[T]he status of independent contractor does not alone release the principal that hires said contractor from the harm caused by the latter")).

Generally, a principal will not be liable for an independent contractor's negligence if the negligence is not foreseeable or if the negligence is a result of the contractor's "failure to employ the ordinary and necessary safety measures," so long as the principal was diligent in retaining the contractor and reasonably believed that the "independent contractor would employ the necessary safety measures to avoid the risks." *Id.* at *25-26; *see also Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, No. 3:12-01862 (JAF), 2016 U.S. Dist. LEXIS 55875, at *11 (D.P.R. Apr. 25, 2016); *Nieves-Rosado v. P.R. Highways Auth.*, 403 F. Supp. 2d 170, 172 (D.P.R. 2005) (stating that the law "clearly requires foreseeability in determining liability against the employer of an independent contractor").

Here, PRHTA argues that "no evidence has been set forth that the PRHTA did not act as a prudent 'employer' or that they are directly responsible to plaintiffs for any damages suffered." *Def.'s Mot. for Summ. J.* at 2. The Plaintiffs, however, argue that the vicarious liability doctrine does not apply because PRHTA and Del Valle did not have an employer/employee relationship and PRHTA's liability is separate from Del Valle's. *Pls.' Opp'n to Mot. for Summ. J.* at 1-2. The Court concludes that there are material disputes as to the nature of the relationship between Del Valle and PRHTA that preclude summary judgment.

The Court first notes the sparse factual record.  Based on the statements of material fact put forth by the parties, and the Second Amended Complaint, facts detailing the relationship between PRHTA and Del Valle are meager, at best.  There are no admissible facts on the summary judgment record indicating how Del Valle was hired, whether they were considered a contractor or employee, whether they entered into a contract, and, if so, what were the terms of the contract and how was liability to be attributed.  Nor is there indication of whether PRHTA's and Del Valle's work together extended beyond this MOT.

Based on these meager facts, the Court cannot determine whether PRHTA and Del Valle had an employer-employee relationship, such that Article 1803 and the doctrine of *respondeat superior* apply, or whether their relationship was one of contractor/contractee, such that PRHTA could be separately liable under Article 1802.  Although PRHTA labels itself an "employer," *see Def.'s Mot. for Summ. J.* at 2, this assertion does not support a conclusion that PRHTA's liability is, or is not, solely based on vicarious liability for Del Valle's actions.  In essence "there is no evidence in the record clarifying exactly what type of employment relationship existed between the parties."  *Ocasio-Vazquez*, 2013 U.S. Dist. LEXIS 122808, at *7.  Because "[a] finding as to the nature of their employment relationship is necessary to determine whether [PRHTA] can be held liable for the acts of [Del Valle] under the doctrine of vicarious liability . . . the record is undeveloped . . . [and] summary judgment in inappropriate at this time."  *Id.*

### D.     PRHTA'S Direct Liability

The Court further concludes that summary judgment in favor of PRHTA is inappropriate because there are outstanding questions of fact as to PRHTA's own liability for acts separate from those by Del Valle and separate from any liability incurred by PRHTA for Del Valle's foreseeable negligence.

Article 1802 of the Puerto Rico Civil Code states that a person who "causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. Tit. 31, § 5141. The conduct causing harm can be either an act or an omission. *Id.* To prevail on an Article 1802 tort claim the plaintiff must prove "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *Vazquez-Filippetti v. Banco Popular De P.R.*, 504 F.3d 43, 49 (1st Cir. 2007); *see Irvine v. Murad Skin Research Labs., Inc.*, 194 F.3d 313, 321 (1st Cir. 1999) (citing negligence cases from the Puerto Rico Supreme Court).

 "[D]uty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." *Vazquez-Filippetti*, 504 F.3d at 49 (citing *Ortiz v. Levitt & Sons of P.R., Inc.*, 1 P.R. Offic. Trans. 407, 101 P.R. Dec. 290 (1973)); *Baum-Holland v. El Conquistador P'ship, L.P.*, 336 F. Supp. 3d 6, 21 (D.P.R. 2018) (stating that "duty" is the "obligation to anticipate and take measures against a danger that is reasonably foreseeable"). "[A] defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." *Vazquez-Filippetti*, 504 F.3d at 49. To "foresee" means to

"provide against, to anticipate, or to avoid an injury or danger." *Lopez v. Universal Ins. Co.*, 98 F. Supp. 3d 349, 356 (D.P.R. 2015) (quoting *López v. Cruz Ruiz*, 131 D.P.R. 694, 1992 Juris P.R. 130, 708 Offic. Slip Trans. At 11 (1992)).   However, "the requirement of foreseeability is not limited to requiring that the precise risk or consequences have been foreseen." *Baum-Holland*, 336 F. Supp. 3d at 21 (quoting *Pabón Escabí v. Axtmayer*, 90 P.R.R. 20, 90 P.R. Dec. 20, 25 (1964)).   Rather, there must "be a duty to foresee in a general way the consequences of a *determinate* class [of consequences]." *Id.* (alternation and emphasis in *Baum-Holland*) (quoting *Pabón*, 90 P.R. Dec. at 25); *see Alfonso v. United States*, No. 09-1501(DRD), 2011 U.S. Dist. LEXIS 167962, at *12 (D.P.R. Aug. 2, 2011).

        "In order for liability to attach, the negligent act must [also] be the 'adequate cause' of the harm." *Tokyo Marine and Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 6 n.5 (1st Cir. 1998) (citing Puerto Rico caselaw).   As with duty and breach, whether a defendant's actions were the proximate cause of the plaintiff's injury depends on whether the "accident was 'foreseeable and could have been avoided if the defendant had not breached its duty of care.'" *Baum-Holland*, 336 F. Supp. 3d at 22 (quoting *Wojciechowicz v. United States*, 582 F.3d 57, 67 (1st Cir. 1999)); *Vazquez-Filippetti*, 504 F.3d at 49 n.6 ("A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his action").   Foreseeability under Article 1802 "does not include every conceivable consequence of an act or omission." *Irvine*, 194 F.3d at 322.

Here, PRHTA argues that, under *Fonseca*, the Plaintiffs will never be able to properly obtain a verdict against it because it is a legal certainty that "no degree of independent or direct negligence will ever be imposed on PRHTA." *Def.'s Mot. to Dismiss* at 9. PRHTA fails to adequately explain why, however, this is such a "legal certainty." In *Fonseca* it was a legal certainty that the defendant could not be held liable solely under the doctrine of vicarious liability, rather than for its own negligence, because the fact finder had already determined the independent issue of the defendant's own liability. *See Fonseca* at 16 ("[I]n its judgment the Court of First Instance did not impose any liability on [defendant] for its own acts"); *id* at 17 ("[T]he [lower] [c]ourt noted that plaintiffs never presented any evidence whatsoever of negligence on the part of HIMA in its supervision of the co-defendant doctors or for prior acts of medical malpractice thereby"). Here, a factfinder has yet to resolve the issue of PRHTA's liability, which means that it is not a "legal certainty" that the Plaintiffs cannot recover for its individual negligence. At this stage, the Court is merely left to consider whether there are disputed material facts as to whether the Plaintiffs could recover against PRHTA for its individual negligence. The Court concludes that a reasonable factfinder could conclude that PRHTA is liable to the Plaintiffs for its own negligent acts.

The facts allege that PRHTA is a public corporation tasked with providing and maintaining roads and transportation in Puerto Rico and was the inspector of the roadway construction project at issue. DSMF ¶¶ 3; PRDSMF ¶¶ 3; PSAMF ¶ 7; DRPSAMF ¶ 7. According to Dr. Booeshaghi's report, PRHTA failed to recognize

deficiencies in the roadway project, did not properly designate the outside shoulder lane as a designated lane of travel, did not begin the new shoulder lane where it should have, and did not remove and replace the original center lanes and fog line. PSAMF ¶ 7; DRPSAMF ¶ 7. Additionally, the record supports that if the MOT had not been improper, Ms. Figueroa Suliveres would have been aware that the shoulder lane was a travel lane and would never have stopped her car in the shoulder lane and been rear-ended by the garbage truck. PSAMF ¶¶ 8-9; DRPSAMF ¶¶ 8-9.

From these facts, a reasonable factfinder could conclude that PRHTA owed Plaintiffs a duty of care, breached that duty, and was the cause of Plaintiffs' alleged injuries. First, a factfinder could reasonably infer that the alleged harm was foreseeable. *See Baum-Holland*, 336 F. Supp. 3d at 21. Assuming that PRHTA was in charge of the MOT design, a reasonably prudent entity designing a MOT would foresee that failing to properly designate lanes of travel and failing to removing the original centerline and fog lines could result in a driver misunderstanding what lanes are travel lanes. *See id.* To the extent that Del Valle was in charge of overseeing construction and changes to interim traffic control measures, there is a dispute of material fact as to whether the improper lane designations and traffic control measures were part of PRHTA's MOT design which Del Valle was simply implementing, or whether Del Valle had discretion and control in implementing traffic control measures. This alone precludes summary judgment because PRHTA's individual liability for the MOT design is disputed.

Moreover, a reasonable factfinder could also conclude that it was foreseeable that improper inspection of the MOT could result in some type of accident. An accident resulting from poor MOT design, inspection, and signage is within the "general class" of consequences that would normally flow from highway construction and failure to inspect control measures. *See Nieves-Rosado*, 403 F. Supp. 2d at 173 (stating that based on the complaint, "any alleged defect in the highway intersection's construction (e.g., blind turns, confusing road convergence) would be manifestly visible to PRH[T]A during its inspection"). PRHTA has not alleged that any "design and construction flaws were inconspicuous," *see id.* at 173, thus there is a continued dispute as to PRHTA's failure to properly inspect the construction that is not resolvable on summary judgment.

PRHTA does not dispute that it was the owner of the highway and the designer of the MOT, *see Def.'s Reply* at 7, which "suggests that Defendant PRH[T]A acknowledges its responsibility over ensuring safe highway construction, a finding that has been deemed uncontroversial by other courts in this district." *Nieves-Rosado*, 403 F. Supp. 2d at 173 (citing *Bonilla v. P.R. Highway Auth.*, 368 F. Supp. 2d 113, 115 (D.P.R. 2005) ("Defendant PR[T]HA is in charge of supervising the construction and design of new highways in Puerto Rico")). A factfinder could therefore reasonably conclude that PRHTA owed a duty to the Plaintiffs and breached that duty.

Finally, a reasonable factfinder could also infer a causal connection between PRHTA's conduct and Plaintiffs' harm. Viewed in the light most favorable to the

Plaintiffs, there is a genuine issue of material fact as to whether, because of the improper MOT, Ms. Figueroa Suliveres was unaware the shoulder lane was a designated travel area and, had it been properly marked, she would not have stopped. PSAMF ¶ 9; DRPSAMF ¶ 9.  Even if PRHTA could not have reasonably anticipated the precise alleged injuries, a factfinder could nonetheless conclude that it was reasonably foreseeable that improperly designated lanes could lead to an automobile accident on the highway that would result in injuries.  *See Irvine*, 194 F.3d at 321-22.

The same is true for improper MOT inspection.[11]  PRHTA's alleged failure to inspect and notice that lanes were improperly marked, or that they were improperly directing drivers, could reasonably be inferred to be a but-for cause of the accident, and a reasonably foreseeable one at that.

In *Merle v. W. Bend Co.*, 97 P.R. Dec. 403 (P.R. 1969), the Puerto Rico Supreme Court stated that "[a] release of one cause of action is not a release of another independent one.  The essential question is whether the plaintiff's claim has been satisfied."  *See Vernet*, 566 F.3d at 260 (citing *Merle* with approval); *Vernet*, 2012 U.S.

---

[11]     PRHTA argues in its reply in the original motion to dismiss filings that the claim of "failure to properly inspect the implementation of the MOT by its contractor Del Valle Group . . . makes the relationship between the PRHTA and Del Valle so intricate that one cannot survive without the other." *Def.'s Reply to Pls.' Opp'n to Mot. to Dismiss* at 2.  The Court disagrees and concludes that it is possible to parse one entity's implementation of a plan from inspection of that implementation by another entity and that this Court has concluded as much in the past.  *See, e.g., Nieves-Rosado*, 403 F. Supp. 2d at 172 (referencing the separate roles of PRHA, as inspector of a project, and a general contractor, as the implementer of the project).

PRHTA further argues that "since Del Valle Group's dismissal included a waiver of all liability, the PRHTA cannot be found liable for the actions of a party who, in essence, cannot be found liable [because they are so intricately connected]."  *Def.'s Reply to Pls.' Opp'n to Mot. to Dismiss* at 2 n.5.  This statement oversimplifies the facts and the law.  The record establishes that the  Del Valle Group and PRHTA are not the same entity, and, in fact, PRHTA was expressly excluded from the Del Valle Group settlement agreement as a nonparty.  Moreover, the law is clear that even if an entity is precluded from liability as a result of a settlement agreement with a co-defendant, a plaintiff can still hold the non-settling defendant liable for its own negligent acts.

Dist. LEXIS 206688, at *2 (same).  Here, the Court cannot conclude that Plaintiffs' claims have been satisfied through the settlement agreement with Del Valle.  Based on the facts in the record, a reasonable factfinder could conclude that the Plaintiffs have alleged injuries caused by PRHTA that are separate and apart from any harm caused by Del Valle.  Subsequently, a reasonable factfinder[12] could find that because there exists a separate cause of action against PRHTA, the Del Valle settlement agreement does not preclude Plaintiffs' recovery against PRHTA.  As a result, summary judgment in favor of PRHTA on the basis of the Del Valle settlement agreement is improper and PRHTA's independent liability remains at issue.  Moreover, there are disputed facts as to PRHTA's individual liability that preclude granting summary judgment.

## VI.    CONCLUSION

The Court DENIES PRHTA's motion for summary judgment (ECF Nos. 149 & 160).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 22nd day of February, 2022

---

[12]    The Court uses "factfinder" as opposed to jury because the parties have not addressed whether – to the extent that a factfinder is required to resolve disputed issues of the parties' intentions – that factfinder must be a jury or a judge.  As the parties have not addressed this issue, neither does the Court.